UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA : | Docket No: 12 CR 835-01 (PGG) |
| vs. : | |
| HAROLD ROSENBERG : | |
|         Defendant. : | |

**DEFENDANT'S NOTICE OF MOTION FOR REDUCTION OR
MODIFICATION OF SENTENCE PURSUANT TO RULE 35 OF THE
FEDERAL RULES OF CRIMINAL PROCEDURE**

**PLEASE TAKE NOTICE**, that upon the annexed Affidavit, as well as Affirmation and Memorandum of Law in support of this motion, and the pleadings herein, Defendant will move this Court, before the Honorable Paul G. Gardephe, United States District Court Judge (the "Court"), in Courtroom 705 of the U.S. District Court for the Southern District of New York located at 40 Foley Square, New York, New York on May 7, 2013 at 9:30 am or as soon thereafter as counsel may be heard, for an Order, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, or modifying the Defendant's sentence from a six (6) month term of imprisonment to six (6) months home detention, to be followed by an appropriate period of supervised release, and for any other or further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that any papers opposing Defendant's motion shall be filed and served within fourteen (14) days after service of Defendant's motion papers.

Dated: New York, New York
      May 7, 2013

Respectfully submitted,

Raymond L. Colón, Esq.
Law Offices of Raymond L. Colón
233 Broadway, 5th Floor
New York, New York 10279
(212) 964-8030
*Attorneys for Defendant*

To:    Preet Bhara
       United States Attorney
       Attn: Nanette L. Davis
       Special Assistant U.S. Attorney
       One Saint Andrew's Plaza
       New York, New York 10007
       (212) 637-1117

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | Docket No: 12 CR 835-01 (PGG) |
| vs. | |
| HAROLD ROSENBERG<br>            Defendant. | |

**DEFENDANT'S AFFIRMATION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A REDUCTION OR MODIFICATION OF SENTENCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 35**

Raymond L. Colón, Esq.
Law Offices Of Raymond L. Colón
233 Broadway, 5th Floor
New York, New York 10279
(212) 964 - 8030
*Attorneys for Defendant*
*Harold Rosenberg*

On the Brief:
Raymond L. Colón, Esq.

# TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITIES................................................................... | 3 |
| PRELIMINARY STATEMENT ............................................................... | 5 |
| STATEMENT OF FACTS & PROCEDURAL HISTORY...................... | 6 |
| LEGAL ARGUMENT .............................................................................. | 8 |
|     A. The nature and circumstances of the offense and history and characteristics of the Defendant (18 U.S.C. §3553(a)(1))..... | 9 |
|     B. The need for the sentence imposed (18 U.S.C. §3553(a)(2)).. | 10 |
|     C. The need to avoid unwarranted sentencing disparities among Defendants with similar records who have been found guilty of similar conduct (18 U.S.C. §3553(a)(6))...................... | 11 |
|     D. Deterrence, just punishment, respect for the law and protecting the public (18 U.S.C. §3553(a)(2))............................... | 11 |
| CONCLUSION ......................................................................................... | 13 |
| CERTIFICATE OF SERVICE.................................................................. | 14 |

# TABLE OF AUTHORITIES

**CASES**

Gall v. U.S.,
552 U.S. 38 (2007)……………………………………………………….   11

Roberts v. United States,
445 U.S. 552 (1980)……………………………………………………..   10

United States v. Booker,
543 U.S. 220 (2005)……………………………………………………..   8

United States v. Cutler,
520 F.3d 136 (2d Cir. 2008) ……………………………………………..   9

U.S. v. Distasio,
820 F.2d 20 (1st Cir. 1987)……………………………………………….   8

U.S. v. Ellenbogen,
390 F.2d 537 (2d Cir.), cert. denied, 393 U.S. 918 (1968)……………….   8

United States v. Gaind,
829 F. Supp. 669 (S.D.N.Y. 1993)………………………………………..   12

U.S. v. Hernandez,
617 F.Supp. 83 (S.D.N.Y. 1985) …………………………………………   8

U.S. v. Lancey,
661 F.2d 1021 (5th Cir. 1981)…………………………………………….   8

United States v. Rattoballi,
452 F.3d 127 (2d Cir. 2006) ……………………………………………..   9

United States v. Wachowiak,
 412 F. Supp. 2d 958 (E.D. Wis. 2006)……………………………………   12

United States v. Samaras,
390 F. Supp. 2d 805 (E.D. Wis. 2005)……………………………………   12

United States v. Zavala,
300 Fed. Appx. 792, 2008 U.S. App. LEXIS 24168, (11th Cir. Nov. 25, 2008)…   11

**STATUTES**
18 U.S.C. § 3553(a)
26 U.S.C. §7201

**RULE**
Rule 35 of the Federal Rules of Criminal Procedure

## **PRELIMINARY STATEMENT**

Defendant Harold Rosenberg (sometimes referred to as "Rosenberg") respectfully submits the within affirmation and memorandum of law in support of his motion for a reduction or modification of his sentence pursuant to Federal Rule of Criminal Procedure 35.

On April 23, 2013, the Court sentenced Rosenberg to a term of six (6) months imprisonment, followed by two years of supervised release as a result of his guilty plea to a one-count Information charging him with tax evasion, in violation of 26 U.S.C. § 7201. For the reasons that follow, Rosenberg's sentence should be reduced or modified to six months home detention, followed by an appropriate period of supervised release.

In order to assist the Court in arriving at a more just sentence, this submission seeks to provide the Court with corroboration of one of the most critical details omitted by defense counsel at sentencing (i.e. a letter from Michael Steinhardt). *See Exhibit "A"* Essentially, Rosenberg was a law-abiding citizen who committed a costly transgression involving him and two equally-culpable co-conspirators. Neither the Government nor the victim encouraged the Court to sentence Rosenberg to an incarceratory sentence. Indeed, the Government and victim (as well as the Probation Department for that matter) promoted leniency for the Defendant. Moreover, we believe that the imposed sentence has actually resulted in disparate treatment, since Rosenberg is the only one of the three co-conspirators to be asked to answer criminal charges, or be punished beyond reconciling with the IRS. Under the circumstances, the Court should exercise its vast and independent discretion in determining to what extent, with regard to both length and type of sentence, a reduction is warranted in light of the powerful letter from the victim; which was not made available to the Court at the time of Rosenberg's original sentencing and for which defense counsel should have at minimum requested a continuance.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Harold Rosenberg was employed by Michael Steinhardt to work as a trader in Steinhardt's privately-owned investment company (referred to herein after as "SMC"). Rosenberg was responsible for executing foreign currency trades through New York banking institutions. One such institution, Bank Julius Baer, is a Swiss private banking and investment firm, located in Manhattan. Foreign currency salesman, Elliot Mayerhoff, was Rosenberg's primary contact at Bank Julius Baer.

Mayerhoff and Rosenberg were acquainted with Chicago-based businessman, Avrom Goldfeder, who also worked in finance. Sometime in late 2002 or early 2003 the three men hatched a scheme. Mayerhoff suggested to Goldfeder that Bank Julius Bear could pay commission-type payments on the trading that Rosenberg was doing for SMC. The scheme resulted in Rosenberg and Goldfeder sharing in the commission payments made by Julius Baer. Not surprisingly, no one -- including Mr. Steinhardt -- was apprised of the plan.

In order to ensure that the transactions remained camouflaged, the parties agreed that, rather than pay the participants directly, commission payments were made to ABCO Trading, Inc., a company owned and controlled by Goldfeder. Rosenberg and Goldfeder split the proceeds, which ultimately resulted in each receiving over $1 million in compensation over a five year period spanning from 2003 to 2008. Mayerhoff, for his part, received $130,000 in the form of tuition payments for his children and transfers to his Swiss bank account.

Despite being the undisputed "victim" of the Rosenberg/Mayerhoff/Goldfeder plan, Mr. Steinhardt did not seek retribution against Rosenberg, neither in the way of criminal complaint, nor through initiation of a civil suit. Indeed, even after learning the details of the scheme -- which he learned directly from Rosenberg -- Steinhardt allowed Rosenberg to keep his job. In essence, the crime victim forgave his employee for these actions.

But, while forgiven by his employer, Rosenberg (and his co-conspirators) was not forgiven by the IRS. Rosenberg did not include the monies collected through the scheme on his tax returns. His individual 2003 and 2004 returns left out the compensation and he failed to file returns at all for the years 2005 through 2008. Rosenberg's two year underreporting, followed by several years of failing to file, resulted in the Government filing a One Count Information on or about November 15, 2012 charging Rosenberg with willfully and knowingly evading and defeating income tax obligations, in violation of 26 U.S.C. § 7201.

Rosenberg cooperated with the Government from the outset of the investigation. This substantial assistance prompted the Government to file a United States Sentencing Guideline 5K1.1 letter ("5K Letter") describing the pertinent facts related to the role Rosenberg played in the investigation of others. More specifically, Rosenberg provided useful information which led to an agreement requiring Goldfeder to file amended returns and pay back taxes and interest, including a 50% fraud penalty. Also, Rosenberg provided information which led to a civil tax enforcement action being filed against Mayerhoff for his unpaid taxes. Rosenberg's assistance in the investigation of his co-conspirators, when coupled with his otherwise upstanding and law-abiding life, compelled the Government to recommend that Rosenberg be ordered to pay his taxes and absorb a sentence of time served, followed by a period of supervised release.

Rosenberg pled guilty to tax evasion and was sentenced by this Court on April 23, 2013. The Court found "deeply troubling" that the scheme engaged in by Rosenberg, Goldfeder and Mayerhoff was a fraud on Rosenberg's long-time employer, SMC. Although recognizing Rosenberg's substantial assistance and the Government's recommendation for no jail time, and Defendant's request for a non-custodial sentence, the Court imposed a sentence of six months' imprisonment followed by two years of supervised release.

Two days after the sentencing, Rosenberg employer, Michael Steinhardt wrote a letter asking the Court to reconsider its order of incarceration. See Letter attached as *Exhibit "A"*. Steinhardt identifies himself as the victim of the scheme but, nonetheless, expresses strong support -- if not love -- for Rosenberg. Indeed, Steinhardt states that he was "shocked" by the sentence and agreed to testify or do whatever in his power to convince this Court to reduce Rosenberg's sentence to time served. It is beyond cavil that district courts consider victim impact statements when sentencing a defendant. Likewise, Courts are charged with imposing a just sentence that does not create an unwarranted sentencing disparity between similarly culpable individuals. Here, the victim implores the Court to lower the Defendant's sentence and none of the other equally culpable parties were made to even answer for criminal charges -- much less serve a jail sentence. Under the circumstances, we respectfully submit that the Court should exercise its broad discretion under Rule 35 and reduce Rosenberg's sentence to time served.

## LEGAL ARGUMENT

A motion for a reduction, modification (or correction) of sentence pursuant to Rule 35 is "essentially a plea for leniency." U.S. v. Ellenbogen, 390 F.2d 537, 543 (2d Cir.), cert. denied, 393 U.S. 918 (1968). The Rule affords the sentencing court wide discretion in reconsidering its original sentence. U.S. v. Hernandez, 617 F.Supp. 83, 84 (S.D.N.Y. 1985), citing U.S. v. Lancey, 661 F.2d 1021 (5th Cir. 1981). See also U.S. v. Distasio, 820 F.2d 20, 24 (1st Cir. 1987). As will be explained more fully below, a reduction or modification of the original sentence to home detention is appropriate in light of all of the factors previously analyzed by the Court, as well as the Steinhardt letter when sentencing this defendant.

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court declared that the Federal Sentencing Guidelines are only advisory, and as a result, "the sentencing judge must consider [all of] the factors set forth 18 U.S.C. § 3553(a)" in arriving at the appropriate sentence

8

in any case. United States v. Cutler, 520 F.3d 136, 154 (2d Cir. 2008); United States v. Rattoballi, 452 F.3d 127, 132 (2d Cir. 2006) ("No longer are the Sentencing Guidelines mandatory; district courts are now simply under a duty to consider them, along with the other factors set forth in 18 U.S.C. § 3553(a)."). The sentence is to be "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). Specifically, "in determining the particular sentence to be imposed," the court must consider, among other things: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; [and] (4) the kinds of sentence and the sentencing range established [and recommended by the Sentencing Guidelines]." Rattoballi, 452 F.3d at 132 n.2 (citing 18 U.S.C. § 3553(a)).

Particularly because the Court was not, under the circumstances, made fully aware of the victim's perspective on Rosenberg's prosecution, or the unwarranted sentencing disparity between Rosenberg and his co-conspirators, it should adjust its former ruling. Accordingly, armed with this information, bearing upon several of the § 3553(a) factors, the Court is now in a far better position to administer a just sentence, which should result in a reduction or modification to six months home detention. This in turn will allow the Court to arrive at a punishment that is sufficient, but not greater than necessary to promote the goals of sentencing.

### A. The Nature and Circumstances of the Offense and History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))

The nature and circumstances of the offense were set forth in the Presentence Report and later adopted by the Court at sentencing. Briefly summarized, Rosenberg was a trader who --

9

along with two other individuals -- committed a fraud against Rosenberg's employer, SMC, and failed to pay taxes on the fraudulently obtained compensation. Neither of the other two co-conspirators received criminal sanctions and, as to Rosenberg, the Government recommended supervised release, no jail time, and payment of the money owed to the IRS. Rosenberg cooperated with the Government from the outset and readily agrees to pay any money owed to the IRS. In fact, $50,000 of the approximately $340,000 owed has already been paid. The sole private victim has expressed no interest in pursuing Rosenberg for any damages and has written a passionate letter to this Court asking that Rosenberg not be sent to prison.

Rosenberg's criminal conduct was limited both in duration and scope. Moreover, it was altogether aberrant behavior in the life of an otherwise law-abiding and ethical man. That his criminal conduct does not capture the entire person, or account for his true history and characteristics is evident when one considers his relationship to his children, friends and religious community. The Court should consider the entire picture that is Harold Rosenberg as is required by 18 U.S.C. § 3553(a)(1).

### B. The Need For The Sentence Imposed (18 U.S.C. § 3553(a)(2))

Studies have consistently found that offenders like Rosenberg -- those who, at the time of sentencing, have little or no criminal history, a good recent employment record, no history of drug abuse and a stable living arrangement -- have relatively low risks of recidivism. See e.g., U.S. Sentencing Comm'n, A Comparison of Federal Sentencing Guidelines Criminal History Category and U.S. Parole Commission Salient Factor Score (Jan. 4, 2005), avail. at http://www.ussc.gov/publicat/RecidivismSalientFactorCom.pdf. In this regard, the government's recommendation for time served and two years of supervised release and the victim's similar request for no jail time are entirely consistent with the social sciences research. Also, as the United States Supreme Court has noted, "cooperation with the authorities is a laudable endeavor that bears a rational connection to a defendant's willingness to shape up and change his behavior . . . ." Roberts v. United States, 445 U.S. 552, 555 (1980) (internal quotations omitted). Indeed,

10

"[f]ew facts available to a sentencing judge are more relevant to the likelihood that [a defendant] will transgress no more, the hope that he may respond to rehabilitative efforts to assist with a lawful future career, [and] the degree to which he does or does not deem himself at war with his society." Id. at 558 (internal quotations omitted). Rosenberg was lauded by the Government, not only because of his cooperation, but because that cooperation was *immediate*. Rosenberg did not hesitate to help the Government and it appears that he came forward and confessed to his employer even before any Government investigation was initiated. Consideration of this 3553(a) factor weighs strongly in favor of a reduced sentence.

### C. The Need To Avoid Unwarranted Sentencing Disparities Among Defendants With Similar Records Who Have Been Found Guilty Of Similar Conduct (18 U.S.C. § 3553(a)(6))

It is undisputed that the scheme resulting in Rosenberg's conviction involved three equally culpable individuals. Yet, only Rosenberg has been prosecuted. The other two -- Messrs Mayerhoff and Goldeder -- have been pursued solely for the purpose of settling their debts with the IRS and paying any related fines. This result constitutes an unwarranted sentencing disparity which, may, and should be, weighed by the Court. United States v. Zavala, 300 Fed. Appx. 792, 2008 U.S. App. LEXIS 24168, *7-8 (11th Cir. Nov. 25, 2008) (It is not erroneous for the district court to have considered the "unwarranted sentence disparities among [similarly situated co-] defendants with similar records who have been found guilty of similar conduct" when the statute specifically mandates such consideration."). See also Gall v. U.S., 552 U.S. 38, 54-5 (2007) (discussing the need to avoid unwarranted disparities between co-defendants). There is no reason in the record to impose a sentence upon Rosenberg greater than that suffered by his co-conspirators, giving this Court an additional reason to reduce his sentence to time served.

### D. Deterrence, Just Punishment, Respect for the Law, and Protecting the Public (18 U.S.C. §3553(a)(2)

Section 3553(a)(2) contains four sub-parts that require consideration of just punishment, deterrence, the need to protect the public, and the need to educate or provide training to the

11

defendant. 18 U.S.C. § 3553(a)(2)(A)-(D). For the reasons set forth below, those considerations will be best served by a non-custodial sentence.

Specifically, although Rosenberg committed a serious offense, a sentence of incarceration is not required to further the need to provide just punishment, reflect the severity of the offense, or promote respect for the law. This is so because Rosenberg has already been punished in several ways. First, he has lost his job and his ability to support his family. Courts have recognized that the loss of a job is a significant collateral consequence that, under the totality of circumstances, can justify a sentence lower that the recommended guideline range. E.g., United States v. Wachowiak, 412 F. Supp. 2d 958, 963 (E.D. Wis. 2006). In Wachowiak, the Court concluded that "a sentence below the range was warranted" where "the guidelines failed to account for the significant collateral consequences defendant suffered as a result of his conviction," which included the fact that "[h]is future as a teacher was ruined." Id.; see also United States v. Samaras, 390 F. Supp. 2d 805, 809 (E.D. Wis. 2005) (holding that the guideline range was "greater than necessary to satisfy the purposes of sentencing" where, among other things, "as a consequence of his conviction and sentence, defendant lost a good public sector job"). In United States v. Gaind, 829 F. Supp. 669 (S.D.N.Y. 1993), the Court similarly recognized that the loss of a defendant's business as the result of his criminal conduct "already achieved to a significant extent some, although not all, of the objectives otherwise required to be sought through the sentencing process -- specifically, it achieved the objectives of "individual and general deterrence." Id. at 671. Given all of the collateral consequences that have resulted, and will continue, as a result of Rosenberg's conviction, a non-custodial home detention sentence is sufficient to provide just punishment, reflect the severity of the offense, and promote respect for the law.

Moreover, a term of imprisonment is also not necessary to further the need to educate or otherwise rehabilitate Rosenberg. First, Rosenberg is a well-educated man, who for decades worked in the financial industry. Second, to the extent that there was a lesson that needed to be learned, Rosenberg has learned that lesson painfully. Finally, Mr. Rosenberg relied on counsel's advice, which unfortunately minimized the potential impact that a leniency plea from the victim could have had on the Court. In short, counsel should not have left anything to chance; and instead should have contacted the victim personally in order to augment any sentencing memorandum; or in the alternative requested a continuance when the issue was accentuated by the Court (*See Exhibit "B" Sentencing Transcript at page 2, lines 13-25; page 3, lines 1-3; and page 23, lines 10-12*).

## CONCLUSION

For the foregoing reasons, Defendant Harold Rosenberg respectfully requests that this Court reduce or modify his sentence to home detention, followed by a period of supervised release pursuant to Federal Rule of Criminal Procedure 35.

Dated:  May 7, 2013

Respectfully submitted,

Raymond L. Colón, Esq.
Law Offices of Raymond L. Colón
233 Broadway, 5th Floor
New York, New York 10279
(212) 964 - 8030
*Attorneys for Defendant*
*Harold Rosenberg*

13

## CERTIFICATE OF SERVICE

On the 7th day of May, 2013, a true and correct copy of DEFENDANT'S NOTICE OF MOTION FOR REDUCTION OR MODIFICATION OF SENTENCE PURSUANT TO RULE 35 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, and the Affirmation and Memorandum of Law in Support thereof, was served via the Court's Electronic Case Filing System and by first-class mail, postage pre-paid, and placed in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, to:

> Preet Bhara
> United States Attorney
> Attn: Nanette L. Davis
> Special Assistant U.S. Attorney
> One Saint Andrew's Plaza
> New York, New York 10007
> (212) 637-1117

May 7, 2013
Date

Raymond L. Colón, Esq.
Law Offices of Raymond L. Colón
233 Broadway, 5th Floor
New York, New York 10279
(212) 964 - 8030
*Attorneys for Defendant
Harold Rosenberg*

14